1  ZACHARY J. ALINDER (State Bar No. 209009)
   E-Mail:       *zalinder@sideman.com*
2  ANDREW M. LEVAD (State Bar No. 313610)
   E-Mail:       *alevad@sideman.com*
3  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Twenty-Second Floor
4  San Francisco, California 94111-3711
   Telephone:    (415) 392-1960
5  Facsimile:    (415) 392-0827
6
7  Attorneys for Plaintiff
   VISUAL SUPPLY COMPANY
8

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC., and (3) NAMESILO, L.L.C. | Case No. 3:24-mc-80159-SK<br><br>**PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE RE: NONPARTY ADAM KHIMJI'S MOTION TO QUASH DMCA SUBPOENAS L.R. 7-3(D)(1)**<br><br>Date:     June 23, 2025<br>Time:     9:30 a.m.<br>Place:    Courtroom C, 15th Floor<br>Judge:    Hon. Sallie Kim |

Case No. 3:24-mc-80159-SK

PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE
RE: NONPARTY ADAM KHIMJI'S MOTION TO QUASH DMCA SUBPOENAS L.R. 7-3(D)(1)

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff Visual Supply Company ("VSCO") respectfully objects to new evidence submitted by Defendant Adam Khimji ("Mr. Khimji") with his Reply in support of his Motion to Quash (Dkt. 7, the "Reply").

## I.    INTRODUCTION AND RELEVANT BACKGROUND

On June 28, 2024, VSCO initiated the instant miscellaneous matter pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act, seeking the issuance of subpoenas to internet service to providers ascertain the identities of the persons responsible for the infringement of its users' copyrights (the "DMCA Subpoenas"), which VSCO's users authorize VSCO to do on their behalf. The internet service providers' records produced in response to the DMCA Subpoenas identified Mr. Khimji as the registrant of such websites, including with records identifying Mr. Khimji by name, physical address, email address, and credit card information.

On June 26, 2024, this Court terminated the instant miscellaneous matter. VSCO then sent an enforcement letter to Mr. Khimji, demanding he cease and desist his copyright infringement and other unlawful activities in connection with the websites, and to cooperate with VSCO's investigation of the matter. After months of attempts to resolve the dispute, Mr. Khimji eventually refused to comply. Thereafter, VSCO initiated a civil action against Mr. Khimji. *See Visual Supply Company v. Khimji et al.*, No. 3:24-cv-09361-WHO-SK.

On May 12, 2025, Mr. Khimji moved this Court to quash the DMCA Subpoenas. Dkt. 5. On May 27, 2025, VSCO filed its Opposition to Mr. Khimji's Motion to Quash. Dkt. 6 (the "Opposition"). And on June 2, 2025, Mr. Khimji filed the Reply. Dkt. 7. Mr. Khimji did not request judicial notice for any of the exhibits submitted in the Motion or the Reply.

However, in conjunction with the Reply, Mr. Khimji filed the Supplemental Declaration of Simon Lin In Support Of Motion To Quash (Dkt. 7-1, the "Supplemental Lin Declaration" or "Supp. Lin Decl.") and eight Exhibits ("Exs.") attached thereto:

- Exhibit A is an alleged printout of District of Hawaii Magistrate Judge Wes Reber Porter's Findings And Recommendation To Grant John Doe's Motion To Quash 512(H) Subpoena In the Matter of *Subpoena of Internet Subscribers of Cox*

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*Communications, LLC and CoxCom LLC*, No. MC 23-00263 JMS-WRP (D. Haw., Aug. 31, 2023);[1]

- Exhibit B is an alleged printout of an article titled "A Quick Fix for Online Trademark Infringement," by Deborah A. Wilcox and Courtni E. Thorpe, allegedly published in *The Federal Lawyer* in July 2012;

- Exhibit C is an alleged printout of an article titled "Freedom of Speech and the DMCA: Abuse of the Notification and Takedown Process" by Steven McLeod Blythe of University of Strathclyde, Glasgow, Scotland, allegedly published in *European Intellectual Property Review* in 2019;

- Exhibit D is an alleged printout of an article titled "The Importance of a Comprehensive Trademark Enforcement Program: The Changing Tides of Trademark Infringement" by Alana M. Fuierer and David P. Miranda, allegedly published in *New York State Bar Association Insider* in "Spring/Summer 2016";

- Exhibit E is an alleged printout of an article titled "DMCA Notice-and-Takedown Processes: List of Good, Bad, and Situational Practices," allegedly published on the United States Patent and Trademark Office's website at the URL https://www.uspto.gov/sites/default/files/documents/DMCA_Good_Bad_and_Situational_Practices_Document-FINAL.pdf;

- Exhibit F is an alleged printout of "a FAQ page found on VSCO's website" at the URL https://support.vsco.co/hc/en-us/articles/360040916071-Private-profiles-on-VSCO;

- Exhibit G is an alleged copy of an email thread between Mr. Khimji's terminated former counsel and VSCO's counsel.

---

[1] This matter appears to be on appeal to the Ninth Circuit, *In Re Subpoena Internet Subscribers Of Cox Communications, LLC And Coxcom LLC*, No. 24-3978, (9th Cir.) (appeal filed Jun. 27, 2024), which remains pending as of the date of this filing.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

- Exhibit H is an alleged copy of Mr. Khimji's Reply In Support Of Motion For Sanctions filed in *Visual Supply Company v. Khimji et al.*, No. 3:24-cv-09361-WHO-SK on June 2, 2025 (Dkt. 25).

VSCO objects to the Exhibits attached to the Supplemental Lin Declaration. All of the Exhibits are objectionable on the ground that Mr. Khimji did not even file a request judicial notice for any documents here, and because they are not relevant and constitute improper Reply evidence. Even if he had submitted these in his opening papers and had properly requested judicial notice (though he did neither), there is certainly no basis to take judicial notice of these documents, particularly Exhibits B-G to the Supplemental Lin Declaration, which would not even be potentially subject to judicial notice at all consistent with Fed. R. Evid. 201.

## II.    LEGAL STANDARD FOR OBJECTION

Under Civil Local Rule 7-3(d)(1):

> [I]f new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.

L.R. 7-3(d)(1). This Rule is intended to "recognize the potential inequities that might flow from the injection of new matter at the last round of briefing." *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining objection to reply evidence on motion for class certification) (citing and quoting *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018)). Under this Rule, Courts in this District should reject reply evidence that could have been included in the original motion but was not. *Visier, Inc. v. iCIMS, Inc.*, No. 24-CV-07544-SVK, 2025 WL 589036, at *2 (N.D. Cal. Feb. 24, 2025) (sustaining objection to reply evidence) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir.2000) ("[I]ssues cannot be raised for the first time in a reply brief.") and *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) ("To the extent that the [reply] brief presents new information, it is improper.")).

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

### III.    VSCO OBJECTS TO THE REPLY EVIDENCE

VSCO objects to Mr. Khimji's submission of new evidence in its Reply, including each of the Exhibits attached to the Supplemental Lin Declaration on the grounds that they are improper on Reply, no request for judicial notice has been filed, and they are not relevant to the determination of this motion. This is particularly true about Exhibits B-G of the Supplemental Lin Declaration, which are not even potentially subject to judicial notice consistent with Fed. R. Evid. Section 201. The alleged Internet article printouts and email correspondence between Mr. Khimji's terminated former counsel and VSCO's counsel are not judicially noticeable and they are not incorporated by reference into VSCO's Complaint or Mr. Khimji's Motion to Quash.

Mr. Khimji's attempt to introduce this purported evidence in a Reply on a Motion to Quash in a long-terminated miscellaneous matter is improper, unfair, and prejudicial. *Rojas*, 2021 WL 12331659 at *1 (sustaining objection to reply evidence because it would be "unfair and prejudicial" to the objecting party). Furthermore, Mr. Khimji has not provided any reasoning why such evidence is judicially noticeable (which it is not) or why he could not have included this information in his opening motion. *Visier*, 2025 WL 589036 at *2 ("Withholding such evidence until the reply brief is improper."). There is therefore no basis to consider any of these Exhibits, in particular the alleged internet article printouts or correspondence involving Mr. Khimji's former counsel submitted in connection with the Supplemental Lin Declaration.

Thus, VSCO respectfully submits that this Court should sustain this objection, as consideration of the purported Reply evidence attached as Exhibits to the Supplemental Lin Declaration would be unfair and prejudicial. *Rojas*, 2021 WL 12331659 at *1. And to the extent Mr. Khimji files a response to this objection or seeks leave to file a response to this objection, this Court should reject that as well. *Id.* ("This district's Civil Local Rules do not contemplate a response to an objection to reply evidence.").

### IV.    CONCLUSION

For the foregoing reasons, this Court should sustain VSCO's Objection to Reply Evidence and disregard the Exhibits to the Supplemental Lin Declaration as improperly-submitted purported evidence in deciding the Mr. Khimji's Motion to Quash.

4

Case No. 3:24-mc-80159-SK
PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE
RE: NONPARTY ADAM KHIMJI'S MOTION TO QUASH DMCA SUBPOENAS L.R. 7-3(D)(1)

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  DATED: June 9, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:      /s/ *Andrew M. Levad*
　　　　　Andrew M. Levad
　　　　　Attorneys for Plaintiff
　　　　　VISUAL SUPPLY COMPANY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE
RE: NONPARTY ADAM KHIMJI'S MOTION TO QUASH DMCA SUBPOENAS L.R. 7-3(D)(1)