UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUAL SUPPLY COMPANY,<br><br>Petitioner,<br><br>v.<br><br>CLOUDFLARE, INC., et al.,<br><br>Respondents. | Case No. 24-mc-80159-SK<br><br>**REPORT AND RECOMMENDATION ON MOTION TO QUASH AND ORDER FOR REASSIGNMENT**<br><br>Regarding Docket No. 5 |

Now before the Court is the motion to quash the subpoenas issued in this miscellaneous matter. Not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and therefore the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a Judge William H. Orrick, who is handling a related case: *Visual Supply Company v. Khimji*, 24-cv-09361-WHO. Moreover, for the reasons set forth below, the Court RECOMMENDS that the District Court DENY the motion to quash.[1]

**BACKGROUND**

On June 26, 2024, Petitioner Visual Supply Company ("VSCO") filed its request to obtain subpoenas directed to Cloudflare, Inc. ("Cloudflare"), Patreon, Inc. ("Patreon") and NameSilo, L.L.C. ("NameSilo") (collectively, the "Service Providers") to identify an alleged infringer or infringers behind several internet listings, pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (the "Subpoenas"). (Dkt. No. 2.) The Subpoenas were issued on June 28, 2024, and this miscellaneous matter was then closed on that same date. (Dkt. No. 4.)

---

[1] Petitioner Visual Supply Company ("VSCO") filed objections to evidence Adam Khimji ("Khimji") filed with his reply brief. The Court need not rule on those objections because the Court did not need to consider such evidence in order to resolve the motion to quash.

On October 4, 2024, VSCO sent Khimji a letter using the contact information it learned through the DMCA Subpoenas. (Dkt. No. 6-1 (Declaration of Andrew M. Levad at ¶ 21; *see also* Dkt. No. 5-1 (Declaration of Adam Khimji), ¶ 5, Ex. B (Cease and Desist Letter).) In that letter, VSCO stated that Khimji was the "creator and operator of several websites that infringe and trespass on VSCO's intellectual property" and demanded that Khimji cease and desist from his unlawful activity. (Dkt. No. 5-1, Ex. B.) The letter stated in part:

> The copyright-protected images depicted on the VSCO website are the intellectual property of individual VSCO creators. Pursuant to VSCO's Terms of Use,1 VSCO creators grant VSCO and its agents the right to pursue infringement claims under the Copyright Act and Digital Millennium Copyright Act for unauthorized reproductions of VSCO creators' photographs.

(*Id.*) Khimji responded and negotiated in response with retained counsel. (Dkt. No. 6-1 at ¶ 22; *see also* Dkt. No. 5-1, ¶¶ 7-8, Ex. C (response to Cease and Desist Letter).) VSCO provided Khimji's counsel a copy of the information it received in response to the DMCA subpoenas. (Dkt. No. 5-1, ¶ 9, Ex. D.) In the correspondence with Plaintiff's counsel, VSCO discusses the subpoena and the responses identifying Khimji. (*Id.* at Ex. D (email dated October 4, 2024).) However, after months of attempted negotiations, Khimji refused to comply with the enforcement letter or to provide any information. (Dkt. No. 6-1, ¶ 22.)

Then, on December 23, 2024, VSCO filed a lawsuit against *Khimji*. *See Visual Supply Company v. Khimji et al.*, Case No. 3:24-cv-09361-WHO ("Civil Action"). VSCO served the Complaint in the Civil Action on Khimji on December 30, 2024. (Dkt. No. 6-1 at ¶ 24; *see also* Civil Case at Dkt. No. 9.) On January 8, 2025, Khimji executed a waiver of service of the summons in the Civil Action, setting his deadline to respond to the Complaint in the Litigation on March 31, 2025. (Civil Case at Dkt. No. 9). On March 21, 2025, Khimji sent VSCO a copy of the motion to quash he intended to file in this miscellaneous matter and a copy of the motion for sanctions he intended to file in the Civil Action. (Dkt. No. 6-1 at ¶ 26.) Khimji filed the motion to quash in this miscellaneous matter and the motion for sanctions the Civil Action on May 12, 2025.

///

2

# ANALYSIS

The DMCA provision governing issuance of a subpoena to identify an infringer is 17 U.S.C. § 512(h). That section provides, in part, as follows:

> (h) Subpoena to identify infringer.--
>
> (1) Request.--A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.
>
> (2) Contents of request.--The request may be made by filing with the clerk--
>
> (A) a copy of a notification described in subsection (c)(3)(A);
>
> (B) a proposed subpoena; and
>
> (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.
>
> . . .
>
> (5) Actions of service provider receiving subpoena.--Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.
>
> . . .

17 U.S.C.A. § 512. Section 512(h)(6) states that "the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." 17 U.S.C. § 512(h)(6). Rule 45 governs the enforcement of a subpoena *duces tecum* and provides for a motion to compel and for a motion to quash, as well as remedies available for both types of motions. Fed. R. Civ. P. 45.

**A.     Timeliness of Motion to Quash.**

Rule 45(d)(3)(A) requires that a subpoena be modified or quashed on certain grounds

3

where a "timely motion" is filed. While the Rule does not define what is considered a "timely motion", courts in this Circuit have read Rule 45(d)(3)(A) to mean a motion is "timely" if filed before the compliance date designated in the subpoena. *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875, n. 2 (N.D. Cal. 2022); *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 183833, at *4 (S.D. Cal. Jan. 14, 2019). Courts have extended this time frame if recipient of a subpoena first lodges written objections and then makes informal efforts to resolve the objections to the subpoena, which is not at issue here. *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 875, n. 2.

There is no evidence to demonstrate that, before the time for complying with the subpoenas expired, Khimji had notice of the subpoenas and thus had an opportunity to object or move to quash. Khimji had notice of the subpoenas, at the latest, on October 4, 2024, when VSCO's counsel corresponded with Khimji's counsel, discussing the subpoenas and the responsive information VSCO received identifying Khimji. (Dkt. No. 5-1, ¶ 9, Ex. D; *see also* Dkt. No. 6-1, ¶ 22.) Additionally, on December 30, 2024, Khimji was served with a copy of the Complaint in *Visual Supply Company v. Khimji*, Case No. 24-cv-9361-WHO (N.D. Cal.) ("Civil Case"). VSCO's Complaint in the Civil Case discusses the subpoenas and how the response to the subpoenas identified Khimji. (Dkt. No. 1 (Compl.) in Civil Case at ¶¶ 39-41.) Yet Khimji did not file this motion to quash until May 12, 2025, approximately five and a half months after receipt of the Complaint and over seven months after VSCO notified Khimji about the subpoenas and the responses identifying Khimji. The Service Providers have already complied with the subpoenas and identified Khimji. Even if the Court found some error with the subpoenas, it is not clear how the Court could quash subpoenas to which the recipients have already been responded.

In his reply brief, Khimji cites to *In re Cox Communications, LLC*, 2024 WL 341069, at *2 (D. Haw. Jan. 30, 2024)[2] in support of his arguments that his motion to quash is timely and that the Court may quash a subpoena after a receiving entity has already complied with the subpoena and provided the responsive information. However, *In re Cox Communications*, the court did not

---

[2] Although Khimji provided the name of the case, he failed to provide the legal cite for this case.

4

address the issue of timing and whether it was reasonable. In addition, although the court did grant the motion to quash after the recipients had complied with the subpoena, the court did not provide any legal authority or reasoning for doing so. Therefore, *In re Cox Communications* does not assist Khimji.

Even if Khimji's timing to quash the subpoenas could be extended until after the subpoena recipients have already responded, a delay of over seven months is not a reasonable amount of time to move to quash. *See Dr. Erik Natkin, D.O. P.C. v. Am. Osteopathic Ass'n*, 2023 WL 11983636, at *2 (D. Or. July 5, 2023) (finding motion filed 64 days after receiving notice and 43 days after the subpoena's production deadline was untimely); *see also Xu v. Weis*, 2023 WL 2043540, at *2 (W.D. Wash. Feb. 16, 2023) (finding motion to quash filed 39 days after service of the subpoena and 25 days after the deadline for compliance as untimely) (citing cases); *Nutrition Distribution LLC v. Black Diamond Supplements LLC*, 2018 WL 1109556, at *5 (D. Ariz. Mar. 1, 2018) (denying motion to quash as untimely filed more than two weeks after the compliance date and approximately four weeks after first becoming aware of the subpoena). Therefore, on this basis alone, the Court RECOMMENDS denying Khimji's motion to quash.

**B.     Past Infringement.**

Even *assuming arguendo* that Khimji's motion could be considered timely, Khimji's motion fails on the merits as well. In reliance on one case, *Maximized Living, Inc. v. Google, Inc.*, 2011 WL 6749017, at *6 (N.D. Cal. Dec. 22, 2011),[3] Khimji argues that the Subpoenas improperly sought information on past infringement. In that case, the court stated that "the subpoena power of § 512(h) is limited to currently infringing activity and does not reach former infringing activity that has ceased and thus can no longer be removed or disabled." *Id*. However, as noted by another court in this District, in the next sentence justifying its holding, the court in *Maximized Living* explained: "Most importantly, the plain language of the statute describes [the] *notification requirement* strictly in the present tense: 'Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled. § 512(c)(3)(A).'" *In re DMCA Subpoena to eBay, Inc.*, 2015 WL

---

[3] Again, Khimji provided the name of the case, but not the legal citation for it.

5

3555270, at *2 (S.D. Cal. June 5, 2015) (emphasis added) (quoting *Maximized Living*, 2011 WL 6749017 at *6). In *Maximized Living*, the *notification* under 17 U.S.C § 512(c)(3)(A) was not served until after the allegedly infringing material had been removed.

As the Court in *In re DMCA Subpoena to eBay, Inc.* explained, a subpoena issued under the DMCA must be served simultaneously with or subsequent to a valid notification under Section 512(c)(3)(A). If, as in *Maximized Living*, the *notification* under Section 512(c)(3)(A) is invalid, then any subpoena issued simultaneously with or subsequent to the notice is also invalid. *In re DMCA Subpoena to eBay, Inc.*, 2015 WL 3555270, at *3. But, the court concluded, there is no requirement under the DMCA that a subpoena issued after a valid notification under Section 512(c)(3)(A) to determine the identity of the infringer is invalid or unenforceable if the infringing material has been taken down before the *subpoena* is issued. *Id*. The court reasoned:

> Nothing in this subsection suggests that a provider that does respond to the notification by removing the allegedly infringing material need not respond to a subsequently served subpoena to identify the alleged infringer related to the notification. By responding to the takedown notice, the provider gains the safe harbor. The provider's safe harbor does not shield the alleged infringer.

*Id*.

This Court agrees with *In re DMCA Subpoena to eBay, Inc.* and finds that so long as a subpoena is issued after a valid *notification* under the DMCA to determine the identity of an alleged infringer, there is no additional requirement that the infringing activity be ongoing at the time of the subpoena. Notably, as in *In re DMCA Subpoena to eBay, Inc.*, Khimji does not argue that the alleged infringing material was taken down before the notice under the DMCA was issued, thus rendering the notice invalid. *Id*. ("In the instant case, the propriety of the notifications has not been challenged[.]").[4] The Court, thus, recommends that the motion to quash be DENIED on this

---

[4] Khimji cites to two other cases, neither of which are applicable here. (Dkt. No. 5 (citing *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) and *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 777 (8th Cir. 2005)).) In *Recording Industry*, the issue was "whether § 512(h) applies to an [internet service provider ("ISP")] acting only as a conduit for data transferred between two internet users, such as persons sending and receiving e-mail or, as in this case, sharing [peer-to-peer ("P2P")] files." *Id*. at 1233. The court concluded that "a subpoena may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity[]" and not acting merely as a "conduit for user-directed communications." *Id*.; *In re Charter Commc'ns*, 393 F.3d

1 basis.

2 **C.      Subpoena Issued to Patreon, Inc.**

Khimji makes an additional argument with respect to the DMCA subpoena issued to Patreon. He contends that the subpoena was improper because the DMCA notification referenced alleged trademark infringement and failed to identify any copyright infringement. However, while VSCO's DMCA notice to Patreon did not use the word "copyright", it did reference the unlawful infringement of VSCO's customer's intellectual property or proprietary rights posted at https://www.patreon.com/vscoclub. (Dkt. No. 2-1, ¶ 7, Ex. E.) According to VSCO, the images on the Khimji's alleged "VSCOclub" Patreon included the protected copyright of VSCO's customers. (Dkt. No. 5-1 at p. 36.) Patreon understood the notice to include copyrighted material and responded that the material VSCO identified in the notification of claimed copyright infringement was no longer live on Patreon. (Dkt. No. 2-1, Ex. E.) The fact that, ultimately, VSCO only brought trademark infringement claims against Khimji is immaterial, as long as the DMCA notice also addressed copyrighted material. Because it did, the Court recommends rejection of Khimji's argument.

At the hearing, Khimji made a related argument based on the following statutory language that requires: "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will *only* be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2)(c) (emphasis added). Khimji argues that VSCO's use of the information obtained from the subpoenas to pursue its trademark claims renders all of the subpoenas improper. Notably, Khimji fails to cite to any remedy contained in the DMCA itself for a violation of this requirement and fails to cite to any case in which a court sanctioned a party for bringing trademark infringement claims based on information discovered from a subpoena issued pursuant to the DMCA. Similarly, the Court did not find any cases addressing this issue. The one case upon which Defendant relies, *In re DMCA Subpoena to*

---

771, 777 ("because the parties do not dispute that Charter's function was limited to acting as a conduit for the allegedly copyright protected material, we agree § 512(h) does not authorize the subpoenas issued here.").

7

*Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020), is inapposite. In that case, there were no trademark claims at issue. *Id*. Moreover, VSCO did use to subpoenas to obtain information necessary to pursue the copyright claims of its customers – Khimji's identity. That the same information is also relevant to VSCO's trademark claims, and that VSCO chose to pursue its trademark claims first, does not render the subpoenas properly sought as invalid. Nor does the fact that VSCO ultimately decided to bring its trademark infringement claims first mean that the declaration it filed in support of the application to obtain the subpoenas was false when filed. In the absence of any authority construing the statutory language to penalize the use of information obtained from properly issued subpoenas to ultimately enforce trademark claims, the Court declines to do so here. Therefore, the Court recommends DENYING Khimji's motion to quash the subpoenas.

## CONCLUSION

Based on the foregoing, the Court RECOMMENDS DENYING Khimji's motion to quash. Any party may object to this recommendation within fourteen days of the filing date of this order. *See* Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED**.

Dated: June 25, 2025

SALLIE KIM
United States Magistrate Judge

8