Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada
V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Adam Khimji*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
*(San Francisco)*

| | |
|---|---|
| IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C. | Case Number: 3:24-mc-80159-WHO<br><br>**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>Date: September 24, 2025<br>Time: 2:00 p.m. |

i

**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on **September 24, 2025 at the hour of 2:00 p.m**. or as soon thereafter as the matter can be heard, Adam Khimji (whose information was disclosed in relation to two subpoenas issued pursuant to a DMCA §512(h)) will appear before the Hon. William H. Orrick and will move, and hereby does move, for an Order:

a. rejecting the Magistrate Judge's Report and Recommendation on Motion to Quash [Docket #18]; and

b. granting the relief sought in the Motion to Quash [Docket #5], namely:

   a. quashing, in part, with prejudice the subpoena issued to Respondent Cloudflare, Inc. by Applicant Visual Supply Company ("**Cloudflare Subpoena**");

   b. quashing with prejudice in the subpoena issued to Respondent Patreon, Inc. by Applicant Visual Supply Company ("**Patreon Subpoena**"); and

   c. regarding the information previously disclosed from the Cloudflare Subpoena and Patreon Subpoena: (i) restraining the Applicant Visual Supply Company from using the information in any fashion; and (b) mandating that the Applicant Visual Supply Company and their representatives destroy all copies thereof.

**Designation of Portions of Report and Recommendation for this Objection**

The three portions of the Report and Recommendation [Docket #18] (hereafter the "**R&R**") to which Mr. Khimji objects to are detailed below.

ii
**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

Firstly, Mr. Khimji objects to the R&R's conclusion that the "timely motion" requirement under Fed. R. Civ. P. Rule 45(d)(3) applies to subpoenas issued pursuant to the *Digital Millennium Copyright Act* [**DMCA**], particularly 17 U.S. Code § 512(h) (R&R, p. 3, line 27 to p. 5, line 25, particularly p. 3, line 27 to p. 4, line 8).

Secondly, Mr. Khimji objects to the R&R's conclusion that the Cloudflare Subpoena not be quashed on the basis that Cloudflare was a mere "conduit" not covered by the takedown request provisions of the DMCA (R&R, p. 5, line 16 to p. 7, line 1, particularly footnote 4 on page 6).

Finally, Mr. Khimji objects to the R&R's conclusion that the takedown notification/request used in support of obtaining the Patreon Subpoena complied with statutory requirements under DMCA § 512(c)(3) (R&R, p. 7, line 3 to p. 8, line 11).

**<u>Bases of Mr. Khimji's Three Objections to the R&R</u>**

As explained more fully in the Memorandum below, the plain and unambiguous language of Rule 45 and case law establishes that the "timely motion" requirement under Fed. R. Civ. P. Rule 45(d)(3) only applies to the four enumerated remedies under Rule 45(d)(3)(A) and not other portions of Rule 45(d)(3), such as Rule 45(d)(3)(B), or the Court's powers to quash a DMCA § 512(h) subpoena for failure to comply with the statutory requirements thereof. Moreover, the finding on p. 4, line 22 of the R&R that *In re Cox Communications, LLC*, did not deal with the timeliness issue was an oversight. The issue was before the District Court on the motion for reconsideration - *In re Cox Communications, LLC*, 2024 WL 1836258 at footnote 3 (D. Haw. Apr. 26, 2024 – Motion to Reconsider the Jan. 30, 2024 order).

As explained more fully in the Memorandum below, page 6, footnote 4 of the R&R referred to *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) and *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 777 (8th Cir. 2005) for the proposition that mere conduits that do not store the allegedly copyright infringing materials, and DMCA §512(h) does not authorize issuing of subpoenas to those mere conduits. In this circumstance, the evidence filed by VSCO to obtain the subpoena establishes without any doubt that Cloudflare does not store any allegedly infringing materials as they are a mere "pass-through" service (Docket 2-1, Declaration of Andrew Levad, pp. 5-6, 10-11, and 13-17).

As explained more fully in the Memorandum below, the R&R does not address the issue that the takedown request/notification to Patreon did not comply with the statutory requirements under DMCA §512(c)(3)(A) in at least four of the six statutory requirements (Docket 5, Memorandum for Motion to Quash, p. 14, line 8 to p. 15, line 6). If there was no valid takedown request/notification that complied with DMCA §512(c)(3)(A), no subpoena could be issued under DMCA §512(h).

This motion for de novo determination is based on this Notice, on the attached Memorandum of Points and Authorities, on the Declarations of Adam Khimji and Simon Lin filed in the Motion to Quash, and on the pleadings and evidence on file in this action.

Date: July 9, 2025                              By: ___*Simon Lin*_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 888-509-8168
E : simonlin@evolinklaw.com

## Table of Contents

**NOTICE OF MOTION** .................................................................................................. ii

**List of Case Authorities** ............................................................................................ vi

**List of Enactments** ................................................................................................... vi

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................ 1

I.   Introduction ......................................................................................................... 1

II.  Legal Standard ................................................................................................... 1

III. Argument ............................................................................................................ 2

  i.   *First Objection: Timely Motion Requirement Not Applicable to the Situation* ........ 2

  ii.  *Second Objection: Cloudflare was a Mere Conduit Not Covered by § 512(h)* ...... 7

  iii. *Third Objection: Failure to Meet the Requirements under DMCA §512(h)* ......... 10

IV.  Conclusion and Relief Sought ........................................................................... 14

## List of Case Authorities

*Cognosphere Pte Ltd v X Corp*, 2024 WL 4227594 (N.D. Cal. Sep. 18, 2024) ............. 2

*Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir.2009)................................................... 1

*Freed v. Home Depot U.S.A., Inc.*, 2019 WL 183833 (S.D. Cal. Jan. 14, 2019)............ 4

*In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771 (8th Cir. 2005).... 9

*In re Cox Communications, LLC*, 2024 WL 1836258 (D. Haw. Apr. 26, 2024 – Motion to Reconsider the Jan. 30, 2024 order)..............................................................iii, 1, 6

*In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024).. 1, 8, 9, 10

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022).................................................................................................................. 4, 5, 6

*In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020)...... 1

*Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)....................... 7

*Mon Cheri Bridals LLC v Cloudflare Inc.*, 2021 WL 4572015 (N.D. Cal. Oct. 6, 2021) 10

*Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007)............................... 12, 13

*Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003) ........................................................................................iv, 8, 9

*V&B Properties LLC v. Atlantic States Insurance Company*, 2024 WL 1908100 (D. Neb. May 1, 2024).................................................................................................. 4

## List of Enactments

1. Federal Rules of Civil Procedure, Rule 45
2. 17 U.S. Code § 512(c)(3)(A)
3. 17 U.S. Code § 512(h)
4. 28 U.S. Code § 636(b)(1)

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

Mr. Khimji respectfully submits that Report and Recommendation [Docket #18] (hereafter the "**R&R**") overlooks key legal arguments and the evidence herein. The decision in *In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024) and *In re Cox Communications, LLC*, 2024 WL 1836258 (D. Haw. Apr. 26, 2024 – Motion to Reconsider the Jan. 30, 2024 order)[1] was squarely on point in regards to the first objection (timeliness of the motion) and the second objection (i.e., the mere conduit issue).

II. **Legal Standard**

In this context, "the subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case—whether the subpoena should be enforced or not." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020). When a party objects to a Magistrate Judge's findings or recommendations, the District Court must review de novo the portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1) and *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

---

[1] The two *In re Cox Communications, LLC* decision have been appealed to the Ninth Circuit and the oral arguments were heard on Jun. 5, 2025 and under submission.

1

**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

III. **Argument**

    i. *First Objection: Timely Motion Requirement Not Applicable to the Situation*

The R&R correctly stated "[t]here is no evidence to demonstrate that, before the time for complying with the subpoenas expired, Khimji had notice of the subpoenas and thus had an opportunity to object or move to quash." (R&R, p. 4, line 9-11). Indeed, in the context of subpoenas under DMCA § 512(h), there is no provision for notifying the person whose information is being sought from the internet providers. It would be a classic catch-22 if those persons are required to bring a motion to quash the subpoena before even knowing about the DMCA § 512(h) subpoena.

In *Cognosphere Pte Ltd v X Corp*, 2024 WL 4227594 at *2 (N.D. Cal. Sep. 18, 2024), Magistrate Judge Kang explicitly recognized that some motions to quash DMCA § 512(h) subpoena may not be based on the Federal Rules of Civil Procedure:

> A recipient of a DMCA subpoena may object to the subpoena on the basis that issuing the subpoena: (1) would require disclosure of material protected by the First Amendment; and (2) would conflict with the Federal Rules of Civil Procedure. *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876–877 (N.D. Cal. 2022). <u>Here, X Corp. is not objecting to the subpoena on any grounds based on the Federal Rules of Civil Procedure, and the motion to quash asserts no such arguments</u>. [Dkts. 7, 17, passim]. Thus, the <u>issue here is whether X Corp.'s First Amendment objection is sustainable or not, and thus whether the subpoena should be quashed on those grounds</u> (or enforced or modified).

[emphasis added]

In the same vein, the issue in the present case is whether or not VSCO complied with the statutory requirements under DMCA § 512(h), not whether Mr. Khimji is entitled to the grounds based on the Federal Rules of Civil Procedure. VSCO's attempt to invoke Federal Rules of Civil Procedure was a red herring.

2

MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-mc-80159-WHO

In any event, even assuming Mr. Khimji's Motion to Quash is based on grounds in the Federal Rules of Civil Procedure, a careful review of Rule 45 would inevitably lead to the legal conclusion that the "timely motion" requirement does not apply when the person seeking to quash the subpoena is the one whose information is being sought, as opposed to the recipient of the subpoena.

> *(d) Protecting a Person Subject to a Subpoena; Enforcement.*
>
> > *(3) Quashing or Modifying a Subpoena.*
> >
> > > *(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:*
> > >
> > > > *(i) fails to allow a reasonable time to comply;*
> > > >
> > > > *(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c) ;*
> > > >
> > > > *(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or*
> > > >
> > > > *(iv) subjects a person to undue burden.*
> > >
> > > *(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:*
> > >
> > > > *(i) disclosing a trade secret or other confidential research, development, or commercial information; or*
> > > >
> > > > *(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.*

Firstly, it is apparent that the heading for Rule 45(d) states "Protecting <u>a Person Subject to a Subpoena</u>," and is not addressed to the person whose information is being sought. In the circumstances of this case, the "person subject to a subpoena" would be Cloudflare and Patreon, not Mr. Khimji.

3

MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-mc-80159-WHO

Secondly, another court has noted that the "on timely motion" wording in Rule 45(d)(3)(A) only applies in circumstances where the four enumerated forms of relief are being sought under Rule 45(d)(3)(A)(i)-(iv). See *V&B Properties LLC v. Atlantic States Insurance Company*, 2024 WL 1908100 at footnote 5 (D. Neb. May 1, 2024). Indeed, the four enumerated forms of relief are again focused on the "person subject to a subpoena" and not the person whose information is being sought. The "on timely motion" requirement does <u>not</u> apply to other forms of relief that can be sought including those under Rule 45(d)(3)(B) which does not have the "on timely motion" wording (*V&B Properties LLC v. Atlantic States Insurance Company*, 2024 WL 1908100 at footnote 5 (D. Neb. May 1, 2024)). The basis relied upon by Mr. Khimji for quashing the subpoenas are not even enumerated in Rule 45(d)(3)(A).

Thirdly, Mr. Khimji appreciates that on page 4, lines 1 to 8 of the R&R, there is reference to two decisions (i.e., See *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875, n. 2 (N.D. Cal. 2022); *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 183833, at *4 (S.D. Cal. Jan. 14, 2019).

**However**, the R&R overlooks the fact that *Freed v. Home Depot U.S.A., Inc.* did not deal with subpoenas under the DMCA § 512(h). Indeed, on a careful review of *Freed v. Home Depot U.S.A., Inc.*, it actually **reinforces** Mr. Khimji's argument that the "on timely motion" requirement only applies to situations where the recipient of the subpoena seeks the enumerated relief under Rule 45(d)(3)(A)(i)-(iv):

> Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. <u>Upon **a timely motion**</u>, the court must quash or modify a subpoena that: "(i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the

4
MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-mc-80159-WHO

geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The court may, **<u>on motion</u>**, quash or modify a subpoena that "requires (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

[emphasis added with bold and underline]

While *In re DMCA § 512(h) Subpoena to Twitter, Inc.* dealt with subpoenas under DMCA § 512(h), Twitter was seeking relief under Rule 45(d)(3)(A)(iii), which would necessarily have attracted the "on timely motion" requirement under Rule 45(d)(3)(A):

… Section 512(h) provides that "the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." § 512(h)(6). This provision incorporates Federal Rule 45, under which a court must "quash or modify" a subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). A recipient of a DMCA subpoena may therefore move to quash on the basis that the subpoena would require disclosure of material protected by the First Amendment. See, e.g., *Signature Management Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1152-53 (N.D. Cal. 2013); *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 263-64 (D.D.C. 2003), rev'd on other grounds, *Recording Industry Association of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). The fact that the DMCA allows a potential copyright infringement victim to issue a subpoena to a service provider without first filing a lawsuit says nothing about whether courts should consider the interests of anonymous speakers in the same way they would in other situations.

[emphasis added] *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022)

Moreover, *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, it was the "person subject to a subpoena" (i.e., Twitter) that was seeking to quash the DMCA subpoena, not the person whose information being sought.

5
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

Finally, there may have been an oversight in the R&R on p. 4, line 22 to p. 5, line 4, where it says that *In re Cox Communications, LLC* would not assist Mr. Khimji because "the court did not address the issue of timing and whether it was reasonable." Respectfully, silence on the "timeliness" topic in *In re Cox Communications, LLC* lends support to Mr. Khimji's position that the "on timely motion" requirement only applies to cases where the recipient of the subpoena is seeking relief under Rule 45(d)(3)(A)(i)-(iv). **Most importantly**, the "timeliness" issue was actually raised and rejected at the motion for reconsideration. Notably, the District Court stated that "Cox's objection to Petitioners' argument that its subpoena was valid under § 512(h), is a type of objection to Petitioners' § 512(h) subpoena, <u>even if it was late.</u>" [emphasis added] *In re Cox Communications, LLC*, 2024 WL 1836258, fn 3 (D. Haw. Apr. 26, 2024).

It is plain that the "on timely motion" requirement has no application here, consistent with the language in § 512(h)(6) that the Fed. R. Civ. P. only applies "to the greatest extent practicable." It cannot be practicable to extend the requirements only applicable to "person subject to a subpoena" to a person whose information is sought.

In any event, *even assuming* for the sake of argument that the "on timely motion" requirement under Rule 45(d)(3)(A) apply in the circumstances, there are strong reasons not to apply them in the circumstances of this case.

Firstly, Mr. Khimji could not be faulted for engaging in informal efforts to resolve the dispute (*In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868,

875, n. 2 (N.D. Cal. 2022)). It would make little sense to, on the one hand, explore resolution (R&R, p. 2, lines 1-17) and, on the other hand, aggressively litigate the matter. That would appear to be a classic situation of not negotiating in good faith.

Secondly, the Magistrate Judge accepted that Mr. Khimji's motion to quash was served on VSCO by March 21, 2025[2] (R&R, p. 2, line 23-27), shortly after Mr. Khimji retained California-licensed counsel and, most importantly, **before** the deadline for filing an Answer in *Visual Supply Company v. Khimji*, 24-cv-09361-WHO. There is no claim of prejudice, nor any evidence of prejudice, despite Mr. Khimji not having served/filed a Motion to Quash immediately in January 2025 when he received the Complaint via email and was not yet represented by California-licensed counsel. See *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (permitting untimely motion to quash where there was no evidence of prejudice).

  ii.  <u>Second Objection: Cloudflare was a Mere Conduit Not Covered by § 512(h)</u>

This second objection relates to the Cloudflare Subpoena. When it is a "past infringement", there is no longer anything for that particular internet company to remove. Prior court decisions about "past infringements" not being covered by a DMCA §512(h) subpoena is simply another flavor or variation of the established principle that mere conduits would not be captured under DMCA §512(h) (i.e., service providers that do not <u>store</u> the allegedly copyright infringing materials). See

---

[2] Mr. Khimji had already explained in the Reply for the Motion to Quash, and also orally at the hearing, that the filing of the motion was made to align with the Motion for Sanctions that had a safe harbor requirement and also to ensure Mr. Khimji's counsel would not be out of the country while the Reply would be due under the Rules.

7
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

*Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) and *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 777 (8th Cir. 2005)), cited in footnote 4 in page 6 of the R&R. In the case of "past infringement", the service provider is indeed no longer storing the materials.

*In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024), the court also elaborated on the fact that an internet service provider is simply a "conduit" as the ISP could not be "storing" any of the allegedly copyright infringing materials.

The R&R does not address the actual evidence regarding Cloudflare that shows without any doubt that Cloudflare was a merely a "conduit" (i.e., they are a pass-through service that **does not** store any allegedly copyright infringing materials):

> *Cloudflare received your DMCA copyright infringement complaint regarding: vsco.page*
>
> *Cloudflare offers network service solutions including <u>pass-through security services</u>, a content distribution network (CDN) and registrar services. <u>Due to the pass-through nature of our services, our IP addresses appear in WHOIS and DNS records for websites using Cloudflare.</u> Cloudflare <u>cannot remove material from the Internet that is hosted by others</u>.*
>
> *…[contact information of a third-party webhost]*
>
> *You may also direct your report to:*
>
> *1. The provider where vsco.page is hosted (provided above); 2. The owner listed in the WHOIS record for vsco.page and/or; 3. The contact listed on the vsco.page site.*
>
> *Note: A lookup of the IP for a Cloudflare customer website will show Cloudflare IPs because we are a pass- through network. <u>The actual website is still hosted at the hosting provider indicated above.</u> If the hosting provider has any questions, please have the hosting provider contact us directly regarding this site. Due to attempted abuse of our complaint reporting process, we will only provide the IP of vsco.page to the responsible hosting provider if they contact us directly at abusereply@cloudflare.com.*

8

MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-mc-80159-WHO

[emphasis added]
(Docket 2-1, Declaration of Andrew Levad, pp. 5), see also (Docket 2-1, Declaration of Andrew Levad, pp. 6, 10-11, and 13-17 for substantially the same message)

The guidance in *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) is squarely on point:

> The issue is whether § 512(h) applies to an ISP <u>acting only as a conduit for data transferred between two internet users</u>, **such as** persons sending and receiving e-mail or, as in this case, sharing P2P files. Verizon contends § 512(h) does not authorize the issuance of a subpoena to an ISP that transmits infringing material but <u>does not **store** any such material on its servers</u>. The RIAA argues § 512(h) on its face authorizes the issuance of a subpoena to an "[internet] service provider" without regard to whether the ISP is acting as a conduit for user-directed communications. We conclude from both the terms of § 512(h) and the overall structure of § 512 that, as Verizon contends, <u>a subpoena may be issued only to an ISP engaged in **storing on its servers** material that is infringing or the subject of infringing activity</u>.

[emphasis added], see also *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 777 (8th Cir. 2005)

*Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) has been applied hundreds of times by courts across the country, including in *In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024). The reasoning in footnote 4 of the R&R suggesting that it only applies to P2P situations overlooks the key words above "such as." P2P is certainly one example of a "conduit" that does not store the allegedly copyright infringing materials, but is in no way exhaustive. The operative text is whether the internet company is "acting only as a conduit for data transferred between two internet users." Cloudflare clearly meets the definition. Cloudflare is a pass-through service that stands in between an internet user and the web hosting company. Cloudflare does not store the allegedly infringing content or website and, consequently, also has no ability to

9
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

remove the content in response to a DMCA subpoena. It is apparent from the fact that there is no evidence whatsoever of Cloudflare removing any content in this case.

Based on a 2021 decision in this Court relating to Cloudflare, it is apparent that Cloudflare does <u>not</u> store any allegedly copyright infringing materials:

> 2. Cloudflare's security services also do not materially contribute to infringement. From the perspective of a user accessing the infringing websites, these services make no difference. Cloudflare's security services do impact the ability of third parties to identify a website's hosting provider and the IP address of the server on which it resides. If Cloudflare's provision of these services made it more difficult for a third party to report incidents of infringement to the web host as part of an effort to get the underlying content taken down, perhaps it could be liable for contributory infringement. But here, the parties agree that Cloudflare informs complainants of the identity of the host in response to receiving a copyright complaint, in addition to forwarding the complaint along to the host provider.

*Mon Cheri Bridals LLC v Cloudflare Inc*., 2021 WL 4572015 at *2 (N.D. Cal. Oct. 6, 2021)

To the extent there are any residual concerns whether or not Cloudflare stores the allegedly copyright infringing materials, it would be open for this Court to order Cloudflare to submit evidence and/or briefing on this point, similar to the court's approach in *In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024).

    iii. <u>Third Objection: Failure to Meet the Requirements under DMCA §512(h)</u>

This third objection relates to the Patreon subpoena.

The antecedent of seeking a DMCA §512(h) subpoena is that there must first be a valid DMCA takedown request/notification:

> **(h) Subpoena To Identify Infringer.—**
>
> …

10
MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-mc-80159-WHO

(2) *Contents of request.*—The request may be made by filing with the clerk—

(A) a copy of <u>a notification described in subsection (c)(3)(A)</u>;

…

(4*) Basis for granting subpoena.*— <u>If the notification filed satisfies the provisions of subsection (c)(3)(A)</u>, the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

[emphasis added]

DMCA §512(c)(3)(A) specifically provides the following statutory requirements for a proper DMCA takedown request/notification to the service provider:

**(3)*Elements of notification.*—**

***(A)****To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:*

*(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.*

*(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.*

*(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.*

*(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.*

*(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.*

*(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on*

11
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

*behalf of the owner of an exclusive right that is allegedly infringed.*

Indeed, the Ninth Circuit noted that there must be "substantial" compliance with <u>all</u> of the requirements in §512(c)(3)(A) (above) to constitute a valid DMCA takedown request/notification:

> Compliance is not "substantial" if the notice provided complies with only some of the requirements of § 512(c)(3)(A). Section 512(c)(3)(B)(ii) explains that a service provider will not be deemed to have notice of infringement when "the notification that is provided to the service provider's designated agent fails to comply substantially with all the provisions of subparagraph (A) but substantially complies with clauses (ii), (iii), and (iv) of subparagraph (A)" so long as the service provider responds to the inadequate notice and explains the requirements for substantial compliance. The <u>statute thus signals that substantial compliance means substantial compliance with *all* of § 512(c)(3)'s clauses, not just some of them.</u> See H.R. Rep., at 56 (A communication substantially complies even if it contains technical errors such as misspellings or outdated information.). See also *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1236 (D.C.Cir.2003) (citing H.R. Rep., at 56).[3]

[emphasis added with underline], *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007).

The R&R did not even address the core legal issue that the *alleged* DMCA takedown request/notification to Patreon (i.e., Docket 2-1 – Declaration of Andrew Levad, Exhibit E, p. 28-29 attaching an email from Ms. Portnoy to Patreon) did **not** comply with at <u>**least four (4)**</u> of the six requirements under §512(c)(3)(A):

Indeed, Ms. Portnoy's email does not meet the requirements of Section 512(c)(3)(A)(ii), in that it fails to identify *any* copyrighted work that is allegedly infringed. Instead, Ms. Portnoy claimed that "*The Infringing Website is using <u>the VSCO Marks</u> in the url (https://www.patreon.com/vscoclub)...*" (emphasis added)

Similarly, section 512(c)(3)(A)(iii) is also not satisfied in that there is no reference to any copyright protected works to remove or take down. Instead, Ms. Portnoy said:

> **VSCO requests that you cease providing further services to the Infringing Website and notify the Infringing Website that <u>the use of the VSCO Marks is infringing</u>.**

12
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

(bold emphasis in original, emphasis added with underline)

Section 512(c)(3)(A)(v) is also not met. Ms. Portnoy's email omitted a *"statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law."*

Finally, section 512(c)(3)(A)(v) is not met when Ms. Portnoy's email does not even contain a *"statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."* (emphasis added)

[emphasis added with black highlight on white text]

Memorandum of Points and Authorities for Motion to Quash (Docket 5, p. 9).

The fact that Patreon responded indicating that the materials complained of are "no longer live on Patreon" is neither here nor there. Patreon is not tasked with the role of determining whether there was substantial compliance with DMCA §512(c)(3)(A). It is exclusively the Court's role to determine if the statutory requirements were met.

Applying the reasoning in *Perfect 10, Inc.*, Mr. Khimji need only satisfy this Court that at least <u>one</u> of the six DMCA §512(c)(3)(A) are not met. There is little doubt that any of the four deficiencies identified above would have sufficed. It necessarily follows that there was no proper DMCA takedown request/notification in order to support the DMCA §512(h) subpoena:

**(h) Subpoena To Identify Infringer.—**

…

(2) *Contents of request.*—The request may be made by filing with the clerk—

(A) a copy of <u>a notification described in subsection (c)(3)(A)</u>;

…

13
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

(4) *Basis for granting subpoena.*— <u>If the notification filed satisfies the provisions of subsection (c)(3)(A)</u>, the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

[emphasis added]

The Patreon Subpoena ought to be quashed for this reason alone.

IV.   **Conclusion and Relief Sought**

Mr. Khimji respectfully submits that there is a strong basis to reject the Report and Recommendation. Mr. Khimji's motion to quash the Cloudflare Subpoena and Patreon Subpoena ought to be granted, and an Order that the information be destroyed and VSCO to cease using the information in any way.

Respectfully submitted,

Date: July 9, 2025            By: _____*Simon Lin*_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com

14
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO