Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Adam Khimji*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### *(San Francisco)*

| | |
|---|---|
| IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C. | Case Number: 3:24-mc-80159-WHO<br><br>**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>**Date:** September 24, 2025<br>**Time:** 2:00 p.m. |

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

## <u>Table of Contents</u>

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY</u>** .......................................1

**<u>1.    Overview in Reply</u>** .................................................................................................1

**<u>2.    Issue #1 : VSCO Ignores the Text of Fed. R. Civ. P. Rule 73</u>** ..........................2

**<u>3.    Issue #2 : VSCO's Declaration Must be Struck in its Entirety</u>** ......................3

**<u>4.    Issue #3 : VSCO's Argument on Timely Motion to Quash is Without Merit</u>** .............4

**<u>5.    Issue #4 : No Serious Debate that CloudFlare is a Mere Conduit</u>** .................6

**<u>6.    Issue #5 : VSCO Implicitly Acknowledges Non-Compliance with §512(c)(3)(A)</u>** ........6

**<u>7.    Conclusion and Relief Sought</u>** .......................................................................8

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE     MATTER     REFERRED     TO     MAGISTRATE     JUDGE**
Case Number: 3:24-mc-80159-WHO

## TABLE OF AUTHORITIES

### Cases

*Cognosphere Pte Ltd v X Corp*, 2024 WL 4227594 (N.D. Cal. Sep. 18, 2024) .......... 5, 6

*In re Cox Communications, LLC*, 2024 WL 1836258 (D. Haw. Apr. 26, 2024 – Motion to Reconsider the Jan. 30, 2024 order) ........................................................................... 5

*In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024 ............. 5, 6

*Lisina v. AT&T Bell Laboratories*, Case No: 25-MC-114 (JPO) (S.D.N.Y. May 21, 2025)................................................................................................................................ 6

*Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007) ....................................... 6

*Shenzhenshi Haitiecheng Science and Technology Co., Ltd. v. Rearden LLC*, 2016 WL 5930289 (N.D. Cal. Oct. 11, 2016) ................................................................................ 3

*V&B Properties LLC v. Atlantic States Insurance Company*, 2024 WL 1908100 (D. Neb. May 1, 2024)........................................................................................................... 5

*Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017) ....................................................... 2

### Statutes

DMCA § 512(h) ............................................................................................................ passim

Fed. R. Civ. P. 72 ............................................................................................................... 3

Fed. R. Civ. P. Rule 45 ............................................................................................... 1, 4, 5

Local Rules 72-3 ......................................................................................................... 1, 3, 4

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**

1. **Overview in Reply**

VSCO sidesteps the three legal issues on this *de novo* determination of the motion to quash (i.e., (a) whether the "timeliness" requirements in Fed. R. Civ. P. Rule 45 even applies beyond the enumerated grounds under Rule 45(d)(3)(A) for quashing a subpoena issued under that Rule; (b) whether a DMCA § 512(h) subpoena can be issued against a third-party service provider that does not even store a copy of the allegedly copyright infringing materials; and (c) whether VSCO's notification to Patreon met the DMCA §512 statutory requirements). Instead, VSCO again engages in rhetoric based on unproven facts. This is a classic attempt to use the alleged ends to justify the means, means that were not in compliance with applicable laws. Mr. Khimji does not intend to repeat his submissions or engage in a debate of VSCO's bald assertions and will limit this Reply to five narrow issues.

<u>Firstly</u>, VSCO asserts that because Mr. Khimji filed a consent for a Magistrate Judge to exercise jurisdiction that *de novo* determination be foreclosed. VSCO is inviting the Court to ignore the Fed. R. Civ. P. and its text. <u>All</u> parties must consent for a Magistrate Judge to exercise jurisdiction without review by a District Judge. Some parties did not consent, and is a complete answer to VSCO's argument which, in any event, has no legal support.

<u>Secondly</u>, VSCO's additional declaration filed in Opposition to this motion must be struck from the court file. Local Rules 72-3(c) is clear that a motion for *de novo* determination "shall be upon the record of the proceedings before the Magistrate Judge." Had VSCO wished to supplement the record, VSCO must accompany their Opposition with an administration motion under Local Rules 72-3(b). VSCO failed to bring any administration motion.

<u>Thirdly</u>, VSCO could not identify any authority on point stating that the "timely" requirement under Fed. R. Civ. P. Rule 45(d)(3)(A) extends to any person other than the recipient of the subpoena. VSCO also could not identify any authority on point stating that the "timely" requirement under Fed. R. Civ. P. Rule 45(d)(3)(A) applies to quashing of DMCA § 512(h) subpoenas. On the other hand, VSCO is advancing strained arguments to attempt to

1

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

distinguish authorities stating that the "timely" requirement found in Fed. R. Civ. P. Rule 45(d)(3)(A) only applies beyond the enumerated circumstances under Rule 45(d)(3)(A).

<u>Fourthly</u>, another District Court recently applied "mere conduit" point in similar circumstances and is persuasive. The idea underlying the DMCA for notification to service providers is for those providers to be shielded from liability if they comply and remove the allegedly copyrighted work. The notification procedure cannot, by any stretch, apply when the service providers (i.e., "mere conduits" that do not store copies of the works) are powerless to remove any allegedly copyrighted work. VSCO is attempting to lead the Court into error.

<u>Finally</u>, VSCO's attempt at specific enumeration of how their notification to Patreon complies with the contents mandated under DMCA § 512(c) is itself telling. VSCO omitted at least two statutory requirements specifically enumerated under DMCA § 512(c). Implicitly, it appears VSCO accepts that they did not comply with <u>all</u> of the DMCA § 512(c) requirements, as required by law. That is more than sufficient to quash the Patreon subpoena.

### 2.  <u>Issue #1 : VSCO Ignores the Text of Fed. R. Civ. P. Rule 73</u>

VSCO failed to bring to this Court's attention Magistrate Judge Kim's Order Regarding Consent or Declination filed June 6, 2025 (Dkt. 8). Within this Order, Magistrate Judge Kim ordered VSCO to serve three parties with the Order Regarding Consent or Declination: (a) CloudFlare; (b) Patreon; and (c) NameSilo. Other than VSCO and Mr. Khimji, only CloudFlare consented to Magistrate Judge Jurisdiction (Dkt. 16). In other words, Patreon and NameSilo did <u>not</u> consent to Magistrate Judge Jurisdiction.

The language of Fed. R. Civ. P. Rule 73(a) is unambiguous:

> (a) Trial by Consent**. When authorized under 28 U.S.C. §636(c) , a magistrate judge may, if **all** parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. A record must be made in accordance with 28 U.S.C. §636(c)(5)                                                                    .

It is beyond dispute that <u>all</u> parties must consent and if there is no unanimous consent, no jurisdiction may vest in the Magistrate Judge. *Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017). There can be no dispute that both Patreon and NameSilo were "parties" within the

2

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

meaning of *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) While the courts have recognized an exception for "unserved" parties, there is no dispute here that both Patreon and NameSilo had been served. Indeed, VSCO would have served the subpoenas on both Patreon and NameSilo, and they also served the Order Regarding Consent or Declination as evidenced in VSCO's own certificate of service (Dkt. 15).

As such, in the absence of consent of <u>all</u> parties (i.e., including Patreon and NameSilo), the Magistrate Judge lacked jurisdiction. VSCO's novel legal theory of "estoppel" in relation to *de novo* determination by a District Judge runs contrary to the explicit language of Fed. R. Civ. P. Rule 73 and the applicable jurisprudence. Indeed, Magistrate Judge Kim also recognized the limitations on her jurisdiction and stated in her Report and Recommendation that "[a]ny party may object to this recommendation within fourteen days of the filing date of this order. See Fed. R. Civ. P. 72(b)." (Dkt. 18).

VSCO's approach would also risk depriving District Judges of their jurisdiction in the face of an incomplete consent to Magistrate Judge jurisdiction.

### 3.    <u>Issue #2 : VSCO's Declaration Must be Struck in its Entirety</u>

VSCO's Declaration filed alongside their Opposition must be disregarded in its entirety. Local Rules 72-3(c) provides:

> **72-3. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge**
> …
> (c) Record before District Judge. <u>Except when the Court grants a motion under Civil L.R. 72-3(b)</u>, the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) <u>shall be upon the record of the proceedings before the Magistrate Judge</u>.
>
> [emphasis added]

Another judge of this Court that interpreted the aforementioned provisions of the Local Rules confirmed that "[u]nless the court grants an administrative motion to augment the record, <u>the court's review is limited to the record of the proceedings before the magistrate judge</u>. Civil L.R. 72-3." [emphasis added] *Shenzhenshi Haitiecheng Science and Technology Co., Ltd. v. Rearden LLC*, 2016 WL 5930289 at *5 (N.D. Cal. Oct. 11, 2016).

3

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

Local Rules 72-3(b) provides:

> **72-3. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge**
> …
> (b) Associated Administrative Motions. <u>At the time a party files</u> a motion under Civil L. R. 72-3(a) or <u>a response</u>, the party may accompany it with a separately filed motion for "Administrative Motion to Augment the Record" or an "Administrative Motion for an Evidentiary Hearing." Any associated administrative motion must be made in accordance with Civil L.R. 7-11.
>
> [emphasis added]

VSCO has not filed an administrative motion as required by Local Rules 72-3(b) at the time of filing their Opposition. As a consequence, the *de novo* determination "shall be upon the record of the proceedings before the Magistrate Judge." Local Rules 72-3(c). As such, VSCO's additional declaration cannot be considered and should be struck from the court file.

**4.    <u>Issue #3 : VSCO's Argument on Timely Motion to Quash is Without Merit</u>**

VSCO is again inviting the Court to depart from the actual text of Fed. R. Civ. P. Rule 45 and imputing a "timely" requirement that does not exist, save for the specific enumerated grounds for quashing a subpoena under Fed. R. Civ. P. Rule 45(d)(3)(A).

Indeed, VSCO is misquoting or otherwise misapplying the authorities.

Firstly, VSCO could not identify any authority on point stating that the "timely" requirement under Fed. R. Civ. P. Rule 45(d)(3)(A) extends to any person other than the recipient of the subpoena. VSCO could not cite any authority that canvassed this issue, as most motions to quash are brought by the recipient of the subpoena. As such, it is a live legal question whether it is even permissible to impute a "timely" motion requirement when it is not the recipient of the subpoena that is seeking to quash the subpoena, and that person (Mr. Khimji) is not even relying on any of the grounds in Fed. R. Civ. P. Rule 45(d)(3)(A).

Secondly, VSCO also could not identify any authority on point specifically stating that the "timely" requirement under Fed. R. Civ. P. Rule 45(d)(3)(A) applies to quashing of DMCA § 512(h) subpoenas. Motions to quash DMCA § 512(h) subpoenas, especially when brought by someone other than the recipient, would be relying on legal grounds such as failure

4

to meet the statutory requirements of DMCA § 512(h). Mr. Khimji is not even relying on Fed. R. Civ. P. Rule 45 or the specific enumerated grounds in Fed. R. Civ. P. Rule 45(d)(3)(A).

At pages 14-15 of their Opposition, VSCO's attempt at distinguishing the three cases cited by Mr. Khimji is without merit. Every motion to quash would have some factual nuances but the legal principles mentioned therein may be persuasive or of assistance to the Court:

*Cognosphere Pte Ltd v X Corp*, 2024 WL 4227594 at *2 (N.D. Cal. Sep. 18, 2024) precisely touches upon the issue Mr. Khimji mentioned above, whether the quashing of the subpoena is relying on the Fed. R. Civ. P. or some other enactment. In *Cognosphere*, the person seeking to quash was not relying on Fed. R. Civ. P., but the First Amendment. Similarly, here, Mr. Khimji is also not relying on Fed. R. Civ. P., but rather the specific legal requirements under DMCA § 512(h). There is no basis to distinguish *Cognosphere* from this case.

Mr. Khimji acknowledges that *V&B Properties LLC v. Atlantic States Insurance Company*, 2024 WL 1908100 at footnote 5 (D. Neb. May 1, 2024) is not from this district. However, the court in *V&B Properties* was simply applying the common sense reading of the "timely" requirements in Fed. R. Civ. P. Rule 45(d)(3)(A) (i.e., the "timely" requirement has no application outside of Fed. R. Civ. P. Rule 45(d)(3)(A)).

Finally, regarding *In re Cox Communications, LLC*, 2024 WL 341069 (D. Haw. Jan. 30, 2024 <u>and</u> *In re Cox Communications, LLC*, 2024 WL 1836258 (D. Haw. Apr. 26, 2024 – Motion to Reconsider the Jan. 30, 2024 order), Mr. Khimji relies on page 6 of his Memorandum (page 12 based on the blue page numbers). The court was clear in that case that Cox's objection to the validity of the subpoena under DMCA § 512(h) must still be addressed, <u>even if those objections were late</u>.

Taking a step back, it certainly makes sense for the enumerated grounds under Fed. R. Civ. P. Rule 45(d)(3)(A) to be brought in a timely fashion. All of them deal with factual situations specific to the recipient of the subpoena and would be known or discovered by that person rather quickly without much difficulty. In contrast, the grounds raised in this case,

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

*Cognosphere*, and *In re Cox Communications* were all based on the party seeking the subpoena failing to meet some specific legal requirement. The objections under Fed. R. Civ. P. Rule 45(d)(3)(A) and legal objections here are of a different nature and should not attract the same requirements.

5.   **Issue #4 : No Serious Debate that CloudFlare is a Mere Conduit**

VSCO does not have a meritorious answer to *In re Cox Communications* except to say that it is from another district and pending appeal. VSCO also sidestepped the fact that their own materials used to obtain the DMCA § 512(h) say on their face that CloudFlare does not store any allegedly copyrighted works.

A recent decision from another District Courts applied the "mere conduit" point. E.g., *Lisina v. AT&T Bell Laboratories*, Case No: 25-MC-114 (JPO) (S.D.N.Y. May 21, 2025) and the reasoning therein is very persuasive. The purpose underlying the DMCA for notification to service providers is for those providers to be shielded from liability if they comply and remove the allegedly copyrighted work. Congress could not have intended for a service provider, like CloudFlare, that have no ability to remove the allegedly copyrighted work to be "stuck" (i.e., not being able to remove the allegedly infringing content and at the same time face potential liability). Taking a step back, the "mere conduit" point makes sense. The underlying complaint for copyright infringement is that some unauthorized person is in possession (i.e., "stored") a copy of the works. Mere conduits would not be storing any copies of the works.

Finally, it cannot be seriously disputed that the Ninth Circuit's guidance in the *In re Cox Communications* appeal would have direct application to the circumstances here.

6.   **Issue #5 : VSCO Implicitly Acknowledges Non-Compliance with §512(c)(3)(A)**

At page 18 of their Opposition (p. 23 based on the blue page numbers), VSCO failed to address the fact that there must be substantial compliance with <u>all</u> of the requirements in §512(c)(3)(A). *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007). VSCO merely attempts to address *some* of the requirements in §512(c)(3)(A).

6

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE      MATTER      REFERRED      TO      MAGISTRATE      JUDGE**
Case Number: 3:24-mc-80159-WHO

Notably, VSCO's bullet points completely failed to address two of the statutory requirements: (a) section 512(c)(3)(A)(vi) that there must be a "*statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.*" (emphasis added); and (b) section 512(c)(3)(A)(v) that there must be a "*statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law*." (emphasis added) In essence, VSCO implicitly acknowledges that these two requirements were not met.

In any event, a simple comparison between the Patreon notification (Dkt. 2-1, pp. 28-29) and the CloudFlare Notification (Dkt. 2-1, pp. 8-9) would reveal the obvious deficiencies in the Patreon notification. The CloudFlare notification contains a statement that appears to satisfy these two statutory requirements (i.e., section 512(c)(3)(A)(v) and section 512(c)(3)(A)(vi)):

> *I attest, under penalty of perjury, that I have a good faith belief that use of the material in this report is not authorized by the copyright owner, its agent, or the law; and I am authorized to act on behalf of the copyright owner; AND I understand, under 17 U.S.C. § 512(f), I may be liable for any damages, including costs and attorneys' fees, if I knowingly materially misrepresent reported material.*

Nothing closely resembling the aforementioned statement could be found in the Patreon notification (Dkt. 2-1, pp. 28-29). This is more than sufficient to find that the requirements of §512(c)(3)(A) were not met for the Patreon notification and the subpoena should be quashed.

In addition, at page 18 of their Opposition (p. 23 based on the blue page numbers), VSCO seems to suggest in the third bullet point that a mere assertion that there are infringing works meets the requirement under section 512(c)(3)(A)(ii) to specifically identify the materials that is claimed to have been infringed. Of note, section 512(c)(3)(A)(ii) specifically makes reference to providing a representative list of such works if there are multiple works in question. VSCO is suggesting that a mere statement that "there is infringing works" suffices

7

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO

as identification of the materials that is claimed to have been infringed. Again, there is <u>no</u> legal authority for that argument and would water down the DMCA notification (and its protections) significantly. VSCO's approach would allow anyone to submit a DMCA notification without any factual basis, so long as that person asserts that there is infringing works.

Again, a simple comparison between the Patreon notification (Dkt. 2-1, pp. 28-29) and the list accompanying the CloudFlare Notification (Dkt. 2-1, pp. 19-25) would reveal the obvious deficiencies in the Patreon notification. The CloudFlare notification contains a lengthy list of both the works for which copyright is claimed and works for which is allegedly infringing, which would appear to satisfy 512(c)(3)(A)(ii). There is no reference to any specific work, let alone a proper representative list, for the Patreon notification.

VSCO seems to be inviting this Court to paper over clear statutory requirements just because Patreon responded to the notification. Respectfully, there is <u>not a single legal authority supporting that approach</u>. Whether statutory requirements are met is for the Court to determine, not the service provider.

**7.  <u>Conclusion and Relief Sought</u>**

Mr. Khimji respectfully submits that the Proposed Order be GRANTED. In addition, or in any event, VSCO's additional declaration filed with their Opposition must be struck as it is contrary to Local Rules 72-3(c).

Respectfully submitted,

Date: July 30, 2025                    By: _____

Simon Lin – State Bar No. 313661

8

**ADAM KHIMJI'S REPLY FOR THE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-mc-80159-WHO