United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: DMCA Section 512(h) Subpoena

Case No.  24-mc-80159-WHO

**ORDER ON MOTION FOR DE NOVO DETERMINATION**

Re: Dkt. Nos. 5, 18, 20

Adam Khimji moved to quash two subpoenas requested by Visual Supply Company ("VSCO") and issued under 17 U.S.C. section 512(h) of the DMCA.[1]  Magistrate Judge Kim considered the motion to quash and issued a Report and Recommendation, recommending that the District Court deny the motion to quash on three separate grounds.  Dkt. No. 18.

First, Judge Kim determined that Federal Rule of Civil Procedure 45(d)(3)(A) applied and required Khimji to have "timely" moved to quash.  *Id*. at 3-4.  Judge Kim found that Khimji had actual notice of the subpoenas no later than October 4, 2024, when VSCO communicated with Khimji's counsel about the subpoenas, and then again on December 30, 2024, when Khimji was served with a copy of the complaint filed in Case No. 24-cv-9361-WHO.  Because Khimji waited until May 12, 2025 to move to quash, well after the subpoenas had been complied it, she recommended denying the motion to quash as untimely.  *Id*. at 5.

Second, assuming the motion to quash was timely, Judge Kim recommended rejecting Khimji's argument that the subpoenas improperly sought information regarding past infringement. Judge Kim determined that the subpoenas were issued after a valid notification under the applicable DCMA provisions, and that was sufficient.  *Id*. at 5-6.  In a footnote, Judge Kim explained that Khimji's cases discussing whether DMCA takedown notices applied to internet service providers ("ISPs") who acted only as conduits for allegedly infringing data were

---

[1] The subpoenas were issued to Cloudflare, Inc. and Patreon, Inc.  *See* Dkt. No. 4.

inapposite.  *Id*. at 6 n. 4.

Third, Judge Kim recommended rejecting Khimji's argument that the Patreon subpoena should be quashed because the Patreon DMCA notice was improper as VSCO did not identify any copyright infringement under section 512(h)(2)(c).  *Id*. at 7.  Judge Kim explained that while the DMCA notice did not use the word "copyright," it referenced unlawful infringement of VSCO's customers' intellectual property and identified Khimji's Patreon site displaying the copyright protected information of VSCO's customers.  *Id*.

Finally, Judge Kim recommended rejecting an argument Khimji raised at the hearing on the motion to quash, that VSCO's use of the information produced by the subpoenas to pursue only trademark claims against Khimji but not copyright infringement claims "renders all of the subpoenas" improper.  *Id*.[2]  Judge Kim recommended rejecting this argument because Khimki did not identify any case law or provision in the DMCA in support.  *Id*. 7-8.

The matter was reassigned to me and Khimji filed a motion for de novo determination.  Dkt. No. 20.  Pursuant to the parties' stipulation, the matter was set for hearing on October 22, 2025.  Dkt. No. 26.  Finding this matter appropriate for resolution on the papers, the October 22, 2025 hearing is VACATED.  Civ. L.R. 7-1(b).

On the motion for de novo review, Khimji objects to: (1) Judge Kim's conclusion that the motion was untimely, as Rule 45(d) does not apply to subpoenas issued pursuant to the DMCA; (2) the recommendation not to quash the Cloudflare subpoena, because Cloudflare is a mere conduit not covered by the DMCA's takedown provisions; and (3) the recommendation not to quash the Patreon subpoena, because the notice did not substantially comply with the DMCA's requirements.  Dkt. No. 20.  Khimji asks me to quash the subpoenas issued to Cloudflare and Patreon and enjoin VSCO from using any of the information produced under those subpoenas.  Dkt. No. 20.[3]

---

[2] VSCO filed a case alleging only trademark violations against Khimji in this Court in December 2024, having identified Khimji through the information produced under the Patreon subpoena. *See Visual Supply Company v. Khimji et al*., Case No. 24-cv-09361-WHO.

[3] The purpose of Khimji's requested injunction against use is presumably to prevent VSCO from proceeding with its trademark infringement case against Khimji.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Consent.  As an initial matter, VSCO argues that because Khimji consented to Judge

2    Kim's jurisdiction, Khimji cannot seek relief on a motion for de novo determination from me.

3    Opposition (Dkt. No. 21) at 11-12.   Khimji consented to Judge Kim's jurisdiction on June 6,

4    2025.  Dkt. No. 9.  However, under Federal Rule of Civil Procedure 73 "all parties" must consent

5    to magistrate judge jurisdiction.  Two of the recipients of the subpoenas in this miscellaneous

6    action – Patreon and NameSilo – did not file consents.  That is why Judge Kim issued a Report

7    and Recommendation on the motion to quash and why the issue is on a de novo determination

8    before me.

9        While VSCO argues Khimji should be "estopped" from challenging Judge Kim's

10   jurisdiction because he consented to it, VSCO fails to address Rule 73 or the fact that Judge Kim

11   understood that not all parties had consented.  VSCO's jurisdiction argument fails.

12   Rule 45.  Khimji argues that the timeliness requirement of Rule 45(d)(3)(A) extends only

13   to the recipient of a subpoena not, as here, the interested party whose records at sought.  Khimji

14   acknowledges that there is no persuasive authority on this issue, but argues that because he is not

15   relying on any Rule 45(d)(3) grounds to quash but instead on DMCA grounds, applying Rule

16   45(d)(3)(A)'s timeliness requirement makes no sense.   Reply at 5-6.  Khimji relies on the district

17   court decisions in *In re Cox Communications, LLC*, 2024 WL 341069, D.Hawai'i, Jan. 30, 2024

18   and *on reconsideration* 2024 WL 1836258, D.Hawai'i, Apr. 26, 2024, arguing that the District

19   Court there "was clear that" the recipient's objections "to the validity of the subpoena under

20   DMCA § 512(h) must still be addressed, even if those objections were late."  Reply at 5 (emphasis

21   in original).

22       However, as the Ninth Circuit noted in its opinion affirming those district court opinions,

23   "[w]hile the district court was under no obligation to permit Cox to participate, Capstone does not

24   explain how the court abused its discretion when it found good cause to consider Cox's untimely

25   objections."  *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th 1056, 1060

26   n. 2 (9th Cir. 2025) (*citing McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)

27   (considering good cause for failure to timely object under Rule 45(d)(3)).  The Ninth Circuit's

28   recent decision – submitted by Khimji in a notice of supplemental authority – supports two points.

3

United States District Court
Northern District of California

1　First, Rule 45(d)(3)(A) timeliness considerations *apply* to motions to quash DMCA subpoenas.[4]

2　Second, any untimeliness can be excused for good cause.  Here, Judge Kim found that Khimji had

3　at least seven months' notice before he moved to quash the subpoenas.  Khimji made no

4　arguments before Judge Kim (or now before me) showing "good cause" and none are apparent on

5　the record.

6　　　Judge Kim's determination that Khimji's objections were untimely under Rule 45(d)(3)(A)

7　was supported by both the record and caselaw and I follow her recommendation.  Considered *de*

8　*novo*, Khimji's motion to quash was untimely and no good cause has been shown to excuse the

9　untimeliness.  The motion to quash is DENIED.

10　　　Beyond timeliness, Khimji makes specific objections to the Cloudflare and Patreon

11　subpoenas.  However, as timeliness is an independent ground on which to deny the motion to

12　quash I need not consider the other grounds.[5]

13　　　**IT IS SO ORDERED.**

14　Dated: October 16, 2025



William H. Orrick
United States District Judge

---

[4] *See also In re DMCA § 512(h) Subpoena to Twitter, Inc*., 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022) (considering Rule 45(d)(3)(A) timeliness requirements on a motion to quash a DMCA subpoena and holding "where (as here) a subpoena recipient moves to quash after lodging a written objection to the subpoena, the motion to quash is timely so long as it is filed within a reasonable time after the conclusion of informal efforts to resolve the objections."); 17 U.S.C. § 512(h)(6) ("Rules applicable to subpoena.--Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.").

[5] The recent decision *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th at 1060 clarified that internet service providers like Cox "qualify for DMCA safe harbor for transitory digital network communication services" as mere conduits.  VSCO and Khimji dispute whether Cloudflare falls within that safe harbor.  *Compare* Oppo. at 16-17; *with* Reply at 5.  I need not resolve that dispute but note that Khimji does not address the evidence VSCO submits to show that Cloudflare is not a "mere conduit," other than objecting to that evidence as "outside" of the record before Judge Kim.  Reply at 3-4.